SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-12-625

| | |
|---|---|
| MICHAEL FIELDS<br>APPELLANT | **Opinion Delivered** OCTOBER 24, 2013 |
| V. | APPEAL FROM THE HOT SPRING<br>COUNTY CIRCUIT COURT<br>[NO. 30CV-12-34-1] |
| RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE CHRIS E WILLIAMS,<br>JUDGE<br><br>AFFIRMED. |

**CLIFF HOOFMAN, Associate Justice**

In 2009, Appellant Michael Fields pled guilty to one count of rape in the Perry County Circuit Court and to an additional count of rape in the Conway County Circuit Court, for which he received a total of ten years' imprisonment. Fields subsequently filed a petition for a writ of habeas corpus in Hot Spring County, where he is currently incarcerated, and the circuit court denied his petition. On appeal, Fields argues that the circuit court erred in denying his habeas petition because (1) the Perry County Circuit Court lacked jurisdiction to convict him of a crime that occurred in Conway County and (2) the judgment entered against him in Conway County violates the Double Jeopardy Clause and is invalid on its face. We affirm.

On October 2, 2007, Fields was charged in Conway County with two counts of rape that occurred "on or about July 2006 and November 4 or November 5, 2006, in Conway County, Arkansas." In count one, the State alleged that Fields engaged in deviate sexual



activity with D.J., a person under the age of fourteen. Count two alleged that Fields engaged in deviate sexual activity with S.J., who was also under the age of fourteen. On October 8, 2007, Fields was charged with two counts of rape of S.J. and D.J. in Perry County. Count one of that information alleged that Fields raped S.J. "on or about October 18, 2005 through July 20, 2007." The second count alleged that the rape of D.J. occurred "on or about June 15, 2004 through July 20, 2007."

On January 6, 2009, Fields pled guilty in the Perry County Circuit Court to one count of rape, for which he was sentenced to ten years' incarceration. The judgment and commitment order recites that the offense date was November 4, 2006, but it does not identify the victim of the crime or indicate to which count of the information Fields pled guilty. The judgment also has the word "MERGED" printed over count two in a strikethrough script as follows: "~~MERGED~~."

On August 11, 2009, Fields pled guilty in the Conway County Circuit Court to one additional count of rape and received another ten-year sentence. A handwritten note on the order provided that the sentence was to run concurrently with the Perry County sentence. The judgment-and-commitment order indicates that the offense date was "October 18, 2005 through July 20, 2007[,]" but again does not identify the victim of the crime or state to which count of the information Fields pled guilty. This judgment does not identify a second offense or contain the word "merged."

In February 2012, Fields petitioned the Hot Spring County Circuit Court for a writ of habeas corpus pursuant to Ark. Code Ann. §§ 16-112-101 et seq., alleging that the rape



to which he pled guilty in Perry County was that of S.J. and that the information pertaining to the investigation of the crime in the State's file indicated that the alleged sexual activity with S.J. took place in Fields's deer stand, which is actually located in Conway County. He thus argued that the Perry County Circuit Court lacked jurisdiction to convict and sentence him. Fields attached his affidavit to his petition, in which he averred that when he entered his plea in the Perry County Circuit Court, he believed that he was pleading guilty to an allegation of rape that occurred in Conway County. He also attached several documents from the police's investigatory file to support his allegation. Fields further alleged that the Conway County Circuit Court judgment was invalid on its face and violates the double-jeopardy clause because that count had previously been "merged" into the judgment entered in Perry County. Fields attached the judgment-and-commitment orders from both counties to his petition.

The Hot Spring County Circuit Court held a telephonic hearing on Fields's petition, and counsel for both Fields and the State presented their arguments. The circuit court then entered an order on April 2, 2012, denying the habeas petition. The court found that the property on which the crimes occurred lies on the Perry/Conway county line and extends into both counties; that the judgment-and-commitment orders do not identify the victims of the crimes or state to which counts Fields pled guilty; that Ark. Code Ann. § 5-1-111(b) creates a presumption that a crime occurred where the charge is filed by the State; that the State is not required to prove jurisdiction absent an affirmative showing that such jurisdiction is lacking; that Fields did not demonstrate that he had presented any evidence to challenge

SLIP OPINION

jurisdiction at his 2009 plea hearing in Perry County; that in order for the Perry County Circuit Court to have accepted Fields's guilty plea, under Ark. R. Crim. P. 24.6, he had to admit that the factual basis for the rape described by the State was true, including that it occurred in Perry County; that Fields had not produced transcripts of his plea hearings in either county to show the factual bases for the rapes to which he pled guilty; that there was nothing on the face of the Perry County judgment showing that the rape to which he pled guilty occurred outside that county; and that the fact that Fields may have committed one or more rapes in Conway County does not preclude the possibility that he also committed rapes in Perry County, as he was charged with rapes in both counties that allegedly occurred over a wide range of time.

With regard to Fields's allegation that the Conway County judgment was invalid on its face because it violated the double-jeopardy clause, the circuit court found that there was nothing on the face of that judgment to suggest that either of the rape charges had been merged into the Perry County charge or that Fields had been twice sentenced for the same offense. The court noted that the only mention of Perry County in the Conway County judgment-and-commitment order is the notation that the sentence in Conway County was to run concurrent with the Perry County sentence. The circuit court found that Fields had failed to explain how a crime in one jurisdiction could "merge" into a crime in another jurisdiction. Thus, the court ruled that Fields had not shown that the Conway County judgment was invalid on its face. Fields timely appealed from the circuit court's order denying habeas relief, and he now raises the same arguments on appeal as he did in his

SLIP OPINION

petition.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Hill v. State*, 2013 Ark. 143 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2006). The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ should issue. *Hill*, *supra*.

Fields argues that the circuit court erred in denying his petition because he met his burden of showing that the Perry County Circuit Court lacked jurisdiction to convict him of the rape of S.J. He asserts that the documents from the police file show that S.J. claimed that the sexual activity between her and Fields took place in a deer stand on his property during a youth gun hunt on November 4 and 5, 2006, and that this deer stand is located in Conway County. An allegation that an offense occurred outside the territorial jurisdiction of the court is cognizable in a habeas proceeding. *Cloird v. State*, 349 Ark. 33, 76 S.W.3d 813 (2002) (per curiam).

While Fields is correct about the information in the case file, the documents also show that S.J. indicated to police that Fields touched her inappropriately "two or three times," one of which was in the deer stand. Further, in S.J.'s mother's statement to police, she said that there were two incidents between S.J. and Fields, one on the night prior to the youth gun

5



hunt and one on the day of the hunt. As the circuit court found in its order, there is no indication from the face of the Perry County judgment regarding "who the victim was of the Perry County rape, where it occurred, or when it occurred." Although Fields now claims that he believed he was pleading guilty to the rape of S.J. in Conway County when he appeared in the Perry County Circuit Court, he did not provide the transcripts from the plea hearings in Perry County and Conway County. A guilty plea may not be accepted without first establishing that there is a factual basis for the plea. Ark. R. Crim. P. 24.6 (2013). As the State contends, a guilty plea is more than a confession that the accused did various acts, "[i]t is an admission that he committed the crime charged against him." *United States v. Broce*, 488 U.S. 563, 570 (1989). We have held that an allegation that concerns the factual basis for a plea goes beyond the face of the judgment and is not the kind of inquiry to be addressed in a habeas proceeding. *Marks v. State*, 2010 Ark. 487 (per curiam); *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Thus, the circuit court did not err in finding that Fields failed to demonstrate probable cause that the Perry County Circuit Court lacked territorial jurisdiction to convict and sentence him on the rape charge to which he pled guilty.

In his second argument, Fields contends that the Conway County judgment-and-commitment order is invalid on its face because the notation "~~MERGED~~" in the Perry County judgment constitutes a double-jeopardy bar to his subsequent Conway County guilty plea. This argument is without merit. While some double-jeopardy claims are cognizable in habeas corpus proceedings, where the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the

jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Hill v. State*, *supra*; *Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam).

The circuit court was correct in finding that there is nothing on the face of the Conway County judgment to suggest that the count to which Fields pled guilty had previously been "merged" into the Perry County judgment. The only mention of a "merger" appears under count two in the Perry County judgment, and the word has been struck with no further explanation. We have previously stated that we will not speculate as to the meaning of a "merged" notation on a judgment-and-commitment order. *Frana v. State*, 323 Ark. 1, 912 S.W.2d 930 (1996). As the circuit court noted, Fields also cites no authority for the proposition that a crime in one jurisdiction can "merge" into a crime in another jurisdiction, thereby allowing the latter jurisdiction to prosecute the crime and sentence the accused for it. The circuit court thus correctly denied relief on this point, and we affirm the dismissal of Field's petition for a writ of habeas corpus.

Affirmed.

*Craig Lambert*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.