SLIP OPINION

Cite as 2015 Ark. 121

# SUPREME COURT OF ARKANSAS

No. CV–14–614

|  |  |
|---|---|
| MICHAEL S. GRIFFIS <br>                **APPELLANT** <br><br> V. <br><br> RAY HOBBS, DIRECTOR, <br> ARKANSAS DEPARTMENT OF <br> CORRECTION <br>                **APPELLEE** | **Opinion Delivered** March 19, 2015 <br><br> PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-14-37] <br><br> HONORABLE RICHARD L. PROCTOR, JUDGE <br><br> <u>AFFIRMED</u>. |

**PER CURIAM**

In 2014, appellant Michael S. Griffis filed in the circuit court in the county where he was incarcerated a pro se petition for writ of habeas corpus.[1] The petition was dismissed, and appellant brings this appeal.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the

---

[1] As of the date of this opinion, appellant remains incarcerated within that county.

petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

In 2005, appellant entered pleas of guilty or nolo contendere to six counts of attempted capital murder and one count of arson. In the petition for writ of habeas corpus, appellant contended that the trial court lacked jurisdiction in his case and that the judgment was illegal on the following grounds: (1) the convictions were based on an illegal and invalid arrest warrant; (2) the arrest warrant in the case was signed by the prosecuting attorney who had formerly been a public defender and had represented appellant at one time; (3) the information contained in the arrest-warrant affidavit was perjured and inaccurate; (4) the three eyewitnesses knew him and should have been able to give a more definitive description of him than that contained in the affidavit; (5) the three eyewitnesses were coerced and threatened by police after they ran afoul of the law themselves; (6) the officer who testified about the arrest provided hearsay, not facts, constituting probable cause for the arrest; (7) appellant was held after his arrest for six hours without benefit of counsel after refusing to waive his right to remain silent; (8) appellant filed numerous complaints with the Judicial Discipline and Disability Commission about the trial court's conflict of interest and failure to recuse based on the court's having presiding in a divorce proceeding involving him and his

wife, who was a victim in the criminal matter; (9) the trial court was biased; (10) the trial court held a hearing without appellant's presence when his fourth attorney was relieved as counsel; (11) the representation provided by his fourth attorney, who was relieved as his counsel and later convicted of a crime, was "substantially diluted"; (12) appellant filed a formal complaint with the Office of Professional Conduct against his attorney and three prosecutors concerning the hearing that was held without him; (13) a prosecutor had possession of appellant's illegally seized briefcase; (14) appellant was held for thirty-three months before trial, frequently without benefit of counsel and in an inadequate detention facility; (15) appellant's plea was involuntary and should not have been accepted by the court; (16) the face of the judgment lists his offense as "capital murder" when he was charged with "attempted capital murder." Appellant repeats the allegations as issues on appeal.

First, the face of the judgment entered reflects that appellant was convicted of six counts of attempted capital murder, and appellant does not contend that he is incarcerated for capital murder. As to the remaining allegations contained in the petition, none warranted issuance of a writ of habeas corpus inasmuch as the claims for the writ did not call into question the trial court's jurisdiction or the facial validity of the judgment.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Appellant raised no claim sufficient to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes or to establish that the judgment-and-commitment order entered in the case was facially invalid.

Appellant's allegations pertaining to the sufficiency of the evidence were not cognizable in the habeas proceeding. Such a due-process claim is a challenge that should have been raised at trial. *Thompson v. State*, 2013 Ark. 179 (per curiam). A challenge to the sufficiency of the evidence to sustain the judgment does not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. *Id*.; *see also Daniels v. Hobbs*, 2011 Ark. 192 (per curiam) (holding that allegations of an illegal search and insufficiency of the evidence were not grounds for issuance of the writ).

To the extent that any of appellant's arguments were intended to be assertions of trial error, claims pertaining to due process and equal protection are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam); *Hill v. State*, 2013 Ark. 413 (per curiam) (Due-process claims are not cognizable in a habeas proceeding.); *Bliss*, 2012 Ark. 315; *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence are not cognizable in a habeas proceeding.). Claims of judicial bias are assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Maxwell v. Hobbs*, 2013 Ark. 307 (per curiam). Such allegations are challenges to appellant's conviction and are not ones that might deprive a court of jurisdiction. *Id*.

Likewise, appellant's assertions that his trial was affected by his pretrial detention, prosecutorial misconduct, judicial bias, conflicts of interest, and denial of a speedy trial are not issues within the purview of a habeas proceeding because the arguments do not implicate the

facial validity of the judgment or the jurisdiction of the trial court. *Bliss*, 2012 Ark. 315; *see Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam) (Speedy-trial issues are not cognizable in a habeas proceeding.); *Clem v. Hobbs*, 2011 Ark. 311 (per curiam) (A claim of conflict of interest was not properly raised in a habeas proceeding.); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (Due process and prosecutorial misconduct are trial error not cognizable in a habeas proceeding.).

As to the validity of appellant's arrest, some flaw in the arrest of a convicted defendant does not constitute a jurisdictional defect. *Gardner*, 2014 Ark. 346, 439 S.W.3d 663. This court has specifically held that a trial court's jurisdiction to try an accused does not depend upon the validity of the arrest. *Id.*; *Jones v. State*, 2014 Ark. 67 (per curiam); *see also Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). Even if appellant were able to show flaws in his arrest, an illegal arrest, standing alone, would not vitiate a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). Issues related to the validity of appellant's arrest are factual issues that should have been addressed in the trial court. *Gardner*, 2014 Ark. 346, 439 S.W.3d 663.

As to appellant's allegation regarding the sufficiency of the felony information, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Jones*, 2014 Ark. 67; *Murry v. Hobbs*, 2013 Ark. 29 (per curiam).

With respect to appellant's allegation that he was not afforded effective assistance of counsel, ineffective assistance of counsel is also not a ground for issuance of a writ of habeas

corpus. *Gardner*, 2014 Ark. 346, 439 S.W.3d 663. Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2004). *Id.* A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Id.*; *Rodgers*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam). Furthermore, if defendant desired to challenge the validity of his guilty plea, the matter could, and should, have been raised in a petition for postconviction relief, rather than a habeas corpus petition. *Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004) (per curiam).

When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment–and–commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *Chambliss v. State*, 2014 Ark. 188 (per curiam). Because appellant did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, the circuit court did not err when it denied the petition. *Watson v. State*, 2014 Ark. 147 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.

*Michael S. Griffis*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.