SLIP OPINION

Cite as 2015 Ark. 304

# SUPREME COURT OF ARKANSAS

No. CV-14-1102

| | |
|---|---|
| PAUL WOODSON<br>APPELLANT | **Opinion Delivered** July 23, 2015 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-14-51] |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

Appellant Paul Woodson filed a petition for writ of habeas corpus in the circuit court of the county in which he was incarcerated, and the circuit court dismissed the petition.[1] Woodson appeals the circuit court's order dismissing the petition. We affirm.

In his petition for the writ, Woodson alleged that he had been convicted of two counts of first-degree sexual assault on a guilty plea and sentenced to concurrent terms of 240 months' imprisonment in the Arkansas Department of Correction ("ADC") with an aggregate sentence of forty years' imprisonment. As grounds for issuance of the writ, Woodson asserted in the petition that the statute requiring him to serve 100 percent of his sentence was unconstitutional because there was no in-court determination that he was a violent second offender, that the ADC had incorrectly determined that he was a violent second offender, that he would not have entered his plea if he had been advised that he would have to serve 100 percent of his sentence, and that the judge at his plea hearing had failed to follow the required procedure because he was

---

[1] As of the date of this opinion, Woodson remains incarcerated in Lincoln County.

not advised that he would be required to serve 100 percent of his sentence. Woodson also alleged that trial counsel had assured him that he would only have to serve one quarter of his sentence before he was eligible for parole; that the sentence was not supported by sufficient evidence; that the State had violated the plea agreement; and that his plea was not knowingly, voluntarily or intelligently made because he relied on representations made before and at the plea hearing that he would not have to serve more than ten years of the forty-year sentence.

The circuit court dismissed the petition, noting that Woodson had failed to attach a copy of the contested judgment to the habeas petition. The court, however, dismissed with prejudice after it found that curing the defect would be futile because the claims in the petition were without merit. The circuit court concluded that the allegations in the petition did not establish probable cause that Woodson was being held illegally, that the trial court lacked jurisdiction, or that the commitment was invalid on its face.

On appeal, Woodson alleges that the circuit court erred in denying relief on the basis that he failed to state probable cause to show that he was illegally detained. Woodson's arguments on appeal are that, despite the circuit court's conclusion to the contrary, he raised allegations in the petition that were cognizable in a proceeding for the writ. Woodson does not contest that he failed to attach to the petition a copy of the judgment that he sought to challenge.[2] He reasserts his claims in the petition, however, and contends that issues concerning parole

---

[2]Woodson does include a copy of a judgment of conviction in his addendum to the brief. We do not consider it, however, because the judgment is not included in the record before this court. This court does not consider matters outside of the record on appeal. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). Moreover, as noted, the circuit court's ultimate decision to dismiss with prejudice was based on its finding that the claims in the petition were without merit.

SLIP OPINION

proceedings are cognizable in habeas proceedings.

A petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A petitioner who seeks a writ of habeas corpus has the burden to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face. *Fields v. Hobbs*, 2013 Ark. 416. Unless the petitioner pleads one of these two grounds for relief and makes a showing of probable cause to believe that he is illegally detained, there is no basis for a finding that a writ of habeas corpus should issue. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007).

We agree with the circuit court's findings that the claims stated in Woodson's petition did not state a basis to support issuance of the writ. Issues concerning the improper denial of parole generally do not implicate jurisdiction or the facial validity of the commitment. *See Robinson v. Felts*, 2015 Ark. 174 (per curiam). A challenge to the constitutionality of a parole eligibility statute is not a cognizable claim in habeas proceedings. *Blevins v. Norris*, 291 Ark. 70, 722 S.W.2d 573 (1987). Claims of a violation of proper plea procedure or that the plea was not entered voluntarily are not cognizable in proceedings for the writ. *See Chance v. State*, 2015 Ark. 154 (per curiam); *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). To the extent that Woodson's allegations may be construed as claims of ineffective assistance of counsel, those claims are also not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992).

Woodson's claims were of the type that may be brought at trial or in a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *Brown v. Hobbs*, 2014 Ark. 267. Because Woodson failed to allege grounds that fall within the narrow parameters recognized in the habeas statute, his petition was without merit, and it was not error for the trial court to dismiss the habeas petition. *Robinson*, 2015 Ark. 174.

Affirmed.

*Paul Woodson, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.