

Cite as 2015 Ark. 312

# SUPREME COURT OF ARKANSAS

No. CV–15–344

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** July 23, 2015 |
| OLAJUWON SMITH | | |
| | APPELLANT | PRO SE MOTIONS FOR COPY OF PRETRIAL PROCEEDING AND DOCKET SHEET AND FOR EXTENSION OF TIME TO FILE BRIEF AND TO SUPPLEMENT RECORD |
| V. | | [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-14-41] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE DON GLOVER, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED; MOTION TO SUPPLEMENT RECORD DENIED; MOTION FOR COPIES AND FOR EXTENSION OF TIME MOOT. |

## PER CURIAM

On November 4, 2013, judgment was entered reflecting that appellant Olajuwon Smith had entered pleas of guilty to multiple felony offenses. He was sentenced to an aggregate term of 480 months' imprisonment. Imposition of an additional 120 months' imprisonment was suspended. Smith subsequently filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013), which was dismissed on the ground that it did not comply with the Rule. Smith then filed a second such petition, which the court denied. We affirmed the order. *Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219 (per curiam).

In 2014, Smith filed in the circuit court in the county in which he was incarcerated

a pro se petition for writ of habeas corpus seeking release from custody. The petition was dismissed on November 24, 2014. On December 12, 2014, before the time for filing a notice of appeal had elapsed, Smith filed a motion asking that the order be modified and vacated. The motion was denied on February 9, 2015, and Smith timely filed a notice of appeal in which he designated that the appeal was being taken from both the November 24, 2014 and the February 9, 2015 orders. Smith timely lodged an appeal from the orders in this court.

Now before us are Smith's pro se motions for a copy of pretrial proceedings and docket sheet, for an extension of time to file his brief-in-chief, and for leave to supplement the record. In the motion to supplement the record, Smith requests permission to include in the appeal record a personal affidavit in which he asserts that a pretrial hearing was held on October 14, 2013, and that, following that hearing, the circuit court ordered that he wear a "kidney belt" during trial.[1] We deny Smith's request to include the affidavit in the appeal record, and, to the extent that Smith may seek permission to supplement the record to include the October 14, 2013 pretrial hearing, we deny that request as well. The affidavit was not before the circuit court for consideration when it denied Smith's request for habeas relief. Moreover, the October 14, 2013 pretrial hearing is not referenced in either of the circuit court's orders, which are the subject of the instant appeal. This court has long and consistently held that it cannot, in the exercise of its appellate jurisdiction, receive testimony or consider anything outside of the record below. *See, e.g.*, *Darrough v. State*, 2013 Ark. 28

---

[1]Smith attached the same affidavit to the motion for copies of pretrial proceedings and docket sheet and for extension of time to file brief-in-chief. He also asked in that motion for a copy of the transcript of the October 14, 2013 pretrial hearing.

SLIP OPINION

SLIP OPINION

(per curiam).

Because it is clear from the record that Smith could not prevail if the appeal were permitted to go forward, we dismiss the appeal and find his remaining motion for copies and for extension of time moot. *Sims v. State*, 2015 Ark. 41 (per curiam). An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to proceed when the appeal is without merit. *Robinson v. Felts*, 2015 Ark. 174 (per curiam).

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. Here, the circuit court correctly determined that Smith did not allege grounds in his petition or the motion for modification of order on which the writ could be granted.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Fields v. Hobbs*, 2013 Ark. 416, at 5. The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ should issue. *Fields*, 2013 Ark. 416.

Smith raised the following claims as grounds for a writ of habeas corpus: he was denied his right to a speedy trial; the search warrant and the arrest warrant in his case were illegally

obtained by means of false information and misconduct on the part of the police and the prosecution; he did not get proper notice of the charges against him and was taken to trial on the day that he was charged; he would not have entered a plea of guilty in the middle of his trial if not for misconduct by the State and his attorney; he was coerced into pleading guilty by evidence that had been tampered with and by having to wear a "stun belt" in the courtroom; the State confused him as to which documents it was referring to in proceedings against him; the State withheld documents in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and deceived the trial court concerning the documents; the trial court erred by allowing several attorneys to withdraw from representing him without notice, which impaired his ability to form an adequate defense; he was subjected to vindictive prosecution; there was no proof that he had reason to commit robbery, which was one of the charges to which he pled guilty; there was insufficient evidence to sustain the judgment; he was denied his constitutional and civil rights. None of the allegations was supported with any fact that established that the judgment in Smith's case was invalid on its face or that the trial court lacked jurisdiction.

It appears that Smith may have misconstrued the scope of a habeas corpus proceeding. Such a proceeding does not afford a prisoner an opportunity to retry his case.[2] *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. Accordingly, claims of trial error are not within the purview of the remedy inasmuch as a writ of habeas corpus will not be issued to correct errors

---

[2]When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

or irregularities that occurred at trial. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Habeas proceedings are also not a means to challenge the sufficiency of the evidence in a case. *Griffis v. Hobbs*, 2015 Ark. 121, 458 S.W.3d 703 (per curiam). Claims of an involuntary plea or improper plea procedures also do not raise a question of a void or illegal sentence such as may be addressed in a habeas corpus proceeding. *Id.* Likewise, alleged flaws in a search or arrest warrant are matters to be addressed in the trial court and do not call into question the trial court's jurisdiction or the facial validity of the judgment in a criminal case. This court has specifically held that a trial court's jurisdiction to try an accused does not depend upon the validity of the arrest of the accused. *Jones v. State*, 2014 Ark. 67, at 3 (per curiam). We have likewise noted that the validity of a search warrant is a matter to be settled in the trial court. *Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

As to Smith's argument that the writ should issue on the ground that he was denied a speedy trial, speedy-trial issues can be waived and are not cognizable in a habeas proceeding. *Davis v. State*, 2011 Ark. 6 (per curiam) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). A petition for writ of habeas corpus is not the proper method with which to raise a statutory claim that does not affect the court's jurisdiction or the facial validity of the judgment. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006).

Allegations of prosecutorial misconduct also do not fall within the scope of a habeas proceeding. *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam). This includes claims of prosecutorial misconduct based on an allegation of withheld evidence. *Fuller v. State*, 2012 Ark. 376 (per curiam). If Smith intended his allegation that he was not advised of the charges against him

as a challenge to the sufficiency of the felony information, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Griffis*, 2015 Ark. 121, 458 S.W.3d 703. A petition for writ of habeas corpus attacking the judgment of conviction is not a means to attack the charging instrument. *Id.*

In addition to claims of trial error, Smith argued that he was denied effective assistance of counsel in the trial court and that the trial court erred when it denied his Rule 37.1 petitions. Neither issue is a ground for a writ of habeas corpus. Ineffective-assistance-of-counsel claims are properly limited to Rule 37.1 proceedings, not habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). A writ of habeas corpus will not be issued as a substitute for pursuing postconviction relief in accordance with the prevailing rules of procedure. *See Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 704 (1991). With respect to Smith's challenge to the trial court's rulings on his Rule 37.1 petitions, any argument he desired to raise concerning the correctness of the orders should have been raised through an appeal to this court and cannot now be a basis for a writ of habeas corpus.

The principal issue in a habeas-corpus proceeding is whether the petitioner is detained without lawful authority. *Fullerton v. McCord*, 339 Ark. 45, 48, 2 S.W.3d 775, 777 (1999). In his request for the writ, Smith failed to demonstrate that he was detained without lawful authority. Because he failed to show that his commitment was invalid on its face or that the trial court lacked jurisdiction, he did not establish any cause to grant a writ of habeas corpus. For that reason, there is no merit to the appeal. *See Baker v. Norris*, 369 Ark. 405, 255 S.W.3d

SLIP OPINION

466 (2007).

Appeal dismissed; motion to supplement record denied; motion for copies and for extension of time moot.