SLIP OPINION

Cite as 2015 Ark. 401

# SUPREME COURT OF ARKANSAS

No. CV-15-586

| | |
|---|---|
| WAYNE FREDERICK POLAND<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | Opinion Delivered October 29, 2015<br><br>PRO SE MOTION FOR EXTENSION<br>OF TIME TO FILE BRIEF AND<br>MOTION FOR APPOINTMENT OF<br>COUNSEL<br>[CHICOT COUNTY CIRCUIT COURT,<br>NO. 09CV-15-42]<br><br>HONORABLE ROBERT BYNUM<br>GIBSON, JUDGE<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT. |

## PER CURIAM

In 2003, appellant Wayne Frederick Poland was charged with 40 counts of rape, 20 counts of possession of child pornography, and one count of failure to appear. In 2009, he pleaded guilty to all the counts of rape, possession of child pornography, and failure to appear for which he was sentenced to 300 months', 120 months', and 72 months' imprisonment, respectively.

On April 30, 2015, Poland filed in the circuit court a pro se petition for writ of habeas corpus alleging over one hundred paragraphs of grounds supporting issuance of the writ, including, but not limited to, concerns about his food and dietary requirements, medically and religiously, while in the county jails; claims of a speedy-trial violation; questions regarding the excessive amount of bail-bond money ordered; claims of ineffective assistance of counsel; issues regarding the admissibility of his computer and computer-expert testimony during a

pretrial hearing; arguments regarding the law-enforcement officers' failure to question him during their investigation and reliance on the victims' statements; complaints about the lack of a law library at his disposal; a myriad of complaints regarding the conditions of his confinement, including disregard of his physical well-being and lack of medical care and attention; the circuit court's denial of a motion for change of venue; lack of an evidentiary hearing regarding the location that his plea was taken; and claims that his guilty plea was not knowingly, intelligently, and voluntarily made due to the loss of his mental and physical fortitude while being detained. The circuit court denied Poland's petition for writ of habeas corpus, finding he made no allegation that his judgment and commitment was invalid on its on face or that the trial court lacked jurisdiction. Poland filed a timely notice of appeal from the denial.

Now before us are Poland's motion for extension of time to file a brief and motion for appointment of counsel. Because it is clear from the record that Poland could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367.

Here, the circuit court correctly determined that Poland did not allege grounds in his petition on which the writ could be granted.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Fields v. Hobbs*, 2013 Ark. 416. The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

As to Poland's argument, that a hearing may be necessary to determine "where he signed the plea bargain and entered his nolo-contendere plea on September 2, 2009," the record before this court does not contain Poland's plea statement or judgment-and-commitment order, nor were those documents before the circuit court for consideration when it denied his request for habeas relief. Thus, we cannot reach the merits of Poland's jurisdictional argument because he has failed to supply us with the pleadings, documents, and testimony necessary to review the issue. *See, e.g.*, *Cloird v. State*, 352 Ark. 190, 195, 99 S.W.3d 419, 423 (2003) (referencing *Cloird v. State*, CR-00-166 (Ark. Oct. 11, 2001) (per curiam) (stating this court was "unable to determine whether the trial court lacked jurisdiction over the criminal offense")).

Even if Poland raises the argument on appeal, he cannot append or supplement the record or his yet-to-be filed brief to include the necessary pleadings, documents, or testimony,

as this court cannot, in the exercise of its appellate jurisdiction, receive testimony or consider anything outside the record below. *See, e.g.*, *Smith v. Hobbs*, 2015 Ark. 312, at 2, ___ S.W.3d ___, ___ (per curiam) (stating that a pretrial hearing and affidavit were not referenced in the circuit court's orders which were the subject of the appeal, and, in the exercise of its appellate jurisdiction, this court cannot receive testimony or consider anything outside the record).

As to Poland's argument that the writ should issue on the ground that he was denied a speedy trial, speedy-trial issues are not cognizable in a habeas proceeding. *Davis v. State*, 2011 Ark. 6 (per curiam) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). Assertions of trial error, such as allegations of speedy-trial violations, do not implicate the facial validity of the judgment or the jurisdiction of the trial court, and those claims are not cognizable in proceedings for the writ. *Murphy v. State*, 2013 Ark. 155 (per curiam).

All of Poland's claims that his trial counsel was ineffective are also not cognizable in a habeas proceeding. *Woodson v. Hobbs*, 2015 Ark. 304, 467 S.W.3d 147 (per curiam) (citing *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992)). In the same vein, Poland's claims regarding the computer evidence and the computer-expert testimony are not claims cognizable in a habeas-proceeding, as they do not implicate the facial validity of the judgment or the jurisdiction of the court. *Watson v. State*, 2014 Ark. 147 (per curiam).

Regarding Poland's claim that his plea was not knowingly, intelligently, or voluntarily made, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Claims of trial

error are not within the purview of a writ of habeas corpus. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Habeas proceedings are also not a means to challenge the sufficiency of the evidence in a case. *Griffis v. Hobbs*, 2015 Ark. 121, 458 S.W.3d 703 (per curiam). Claims of an involuntary plea or of improper plea procedures do not raise a question of facial invalidity or the court's jurisdiction such as may be addressed in a habeas-corpus proceeding. *Id.*

Essentially, the remainder of Poland's claims contest the conditions of his detention or confinement pending disposition of his case. None of Poland's contentions reference the validity of his judgment or the jurisdiction of the court. When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. State*, 2013 Ark. 385 (per curiam). Poland clearly did not meet his burden; therefore, he could not prevail on appeal. *See Quezada v. Hobbs*, 2014 Ark. 396, 441 S.W.3d 910 (per curiam).

Appeal dismissed; motions moot.