SLIP OPINION

Cite as 2015 Ark. 410

# SUPREME COURT OF ARKANSAS

No. CV-15-220

| | |
|---|---|
| GARY GARDNER<br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered November 5, 2015<br><br>PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-14-72]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2003, appellant Gary Gardner entered a plea of guilty in the Poinsett County Circuit Court to first-degree murder. He was sentenced to 480 months' imprisonment. On October 14, 2014, Gardner filed in the Lincoln County Circuit Court a pro se petition for writ of habeas corpus. The circuit court denied Gardner's petition for writ of habeas corpus, finding he made no allegation that his judgment-and-commitment order was invalid on its face or that the trial court lacked jurisdiction. Gardner filed a timely notice of appeal from the denial of habeas relief.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Fields v. Hobbs*, 2013 Ark. 416. The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per

curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence, [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798. Here, the circuit court correctly determined that Gardner did not allege grounds in his petition on which the writ could be granted.

On appeal, Gardner contends that he was denied his right to counsel during four questioning sessions with law-enforcement officers that resulted in his giving two statements; that the trial court failed to establish a factual basis for his plea to first-degree murder because he did not kill the victim with "purposeful intent" and he would not have pled guilty knowing the element of intent; and that the circuit court erroneously found his habeas-corpus petition constituted a "strike" under Arkansas Code Annotated section 16-68-607. Gardner failed to raise grounds cognizable in a habeas proceeding, and this court affirms the circuit court's dismissal of the petition.

Although Gardner contends that he did not waive his right to counsel during questioning and that he, in fact, specifically requested counsel, he fails to argue in what manner any pretrial constitutional or procedural violation implicates the jurisdiction of the trial court or renders the judgment-and-commitment order invalid on its face. *See*, *e.g.*, *Tolefree v. State*, 2014 Ark. 26, at 4 (per curiam). Gardner's contentions that a violation of his pretrial right to counsel or that his statements were somehow coerced are claims that are not cognizable in a habeas proceeding. *Murphy v. State*, 2013 Ark. 155 (per curiam). A habeas-corpus petition does not afford a prisoner a means to revisit the merits of matters that could have been addressed and settled in the trial court, on appeal, or in a postconviction proceeding. *Tolefree*, 2013 Ark. 26.

Gardner's claim that the court failed to establish a factual basis for his first-degree murder plea is not a cognizable claim in a habeas-corpus proceeding. A guilty plea is more than a confession that the accused did various acts; "it is an admission that he committed the crime charged against him." *Fields*, 2013 Ark. 416, at 6 (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)). An allegation that concerns the factual basis for a plea goes beyond the face of the judgment-and-commitment order and is not the kind of inquiry to be addressed in a habeas proceeding. *Id.* To the extent that Gardner's claim is an attack on his plea proceeding, his argument still fails. When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984). Accordingly, claims of trial error are not within the purview of the remedy inasmuch as a writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). Habeas proceedings are also not a means to challenge the sufficiency of the evidence in a case. *Griffis v. Hobbs*, 2015 Ark. 121, 458 S.W.3d 703 (per curiam). Claims of an involuntary plea or improper plea procedures do not raise a question of facial invalidity or the court's jurisdiction such as may be addressed in a habeas-corpus proceeding. *Id.*

Gardner's final claim on appeal addresses his contention that the circuit court erred by designating the dismissal of his habeas-corpus petition with prejudice as a "strike." Gardner makes a conclusory allegation and fails to cite to any authority in support of his argument or to make a convincing legal argument otherwise, and this court will not research or develop the argument for an appellant. *See Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Because Gardner's petition for habeas corpus failed to state a cognizable claim, the circuit court properly

declared the petition a strike. Arkansas Code Annotated section 16-68-607 (Repl. 2005) precludes an incarcerated person from bringing a civil action or an appeal therefrom when he has, on three or more prior occasions, brought an action that was frivolous, malicious, or failed to state a claim on which relief may be granted. Inasmuch as Gardner's petition for writ of habeas corpus clearly failed to state a claim on which relief was merited, it was not error for the circuit court to declare that the petition constituted a strike under the statute. *See Tucker v. Hobbs*, 2014 Ark. 449, at 4–5 (citing *McArty v. Hobbs*, 2012 Ark. 257 (per curiam), *cert. denied*, ___ U.S. ___, 133 S. Ct. 371 (2012)).

Affirmed.

*Gary Gardner*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.