SLIP OPINION

2015 Ark. 491

# SUPREME COURT OF ARKANSAS.

No. CV-15-740

| | |
|---|---|
| KENNETH TUCKER | **Opinion Delivered** December 17, 2015 |
| APPELLANT | |
| | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-15-60] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2009, appellant Kenneth Tucker was found guilty by a jury of two counts of delivery of a controlled substance. He was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. *Tucker v. State*, 2010 Ark. App. 489.

On June 8, 2015, Tucker filed in the circuit court in the county in which he is incarcerated a pro se petition for writ of habeas corpus seeking release from custody. The petition was denied, and Tucker has lodged an appeal from the order in this court. He now asks that he be granted an extension of time to file the appellant's brief.

Because it is clear from the record that Tucker could not prevail if the appeal were permitted to go forward, we dismiss the appeal. The motion for an extension of time is moot. *Sims v. State*, 2015 Ark. 41 (per curiam). An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be

permitted to proceed when the appeal is without merit. *Robinson v. Felts*, 2015 Ark. 174 (per curiam).

A circuit court's denial of habeas relief will be upheld unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. Here, the circuit court correctly determined that Tucker did not establish a ground in his petition for issuance of a writ of habeas corpus.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Fields v. Hobbs*, 2013 Ark. 416, at 5. The petitioner must plead either the facial invalidity of the judgment of conviction or the lack of jurisdiction and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in a habeas- corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ should issue. *Fields*, 2013 Ark. 416.

Tucker contended in his petition that the trial court made a number of errors pertaining to whether evidence was admissible and that the evidence was insufficient to sustain the judgment. It appears that Tucker misconstrued the scope of a habeas-corpus proceeding. Such a proceeding does not afford a prisoner an opportunity to retry his case. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. Accordingly, claims of trial error are not within the purview of the remedy inasmuch as a writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial. *See Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

Habeas proceedings are also not a means to challenge the sufficiency of the evidence in a case. *Griffis v. Hobbs*, 2015 Ark. 121, 458 S.W.3d 703 (per curiam).

Because Tucker did not establish that the judgment of conviction in his case was invalid on its face or that the trial court lacked jurisdiction over the cause, he failed to state a basis for the writ. For that reason, the appeal is subject to dismissal. *See Ashby v. State*, 2012 Ark. 48, at 4 (per curiam).

Appeal dismissed; motion moot.

SLIP OPINION