Cite as 2018 Ark. 401

# SUPREME COURT OF ARKANSAS

No. CV-18-270

| | |
|---|---|
| DOLANDON V. MACK<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** December 20, 2018<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-18-67]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Dolandon V. Mack filed in the circuit court of the county where he is incarcerated a pro se petition for leave to proceed in forma pauperis in which he sought to proceed with a petition for writ of habeas corpus. The circuit court denied the in forma pauperis petition, and Mack lodged this appeal. We affirm.

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Whitney v. Guterres*, 2018 Ark. 133. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Whitney v. State*, 2018 Ark. 138.

Arkansas Rule of Civil Procedure 72 (2017) conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the

alleged facts indicate "a colorable cause of action." Ark. R. Civ. P. 72(c). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Penn v. Gallagher*, 2017 Ark. 283. The circuit court is to first make a specific finding of indigency based on the petitioner's affidavit before addressing whether the petitioner has stated a colorable cause of action. Ark. R. Civ. P. 72(c). The determination of a colorable claim is made from an evaluation of the petitioner's nonconclusory factual allegations because under this court's rules of civil procedure, allegations in a pleading must state facts and not mere conclusions in order to entitle the pleader to relief. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)).

In the order denying the in forma pauperis petition, the circuit court found that Mack had presented sufficient evidence to establish that he was indigent. The circuit court, in addressing whether Mack had set forth a colorable cause of action, made findings as follows: "The petitioner fails to allege a matter that is cognizable in Jefferson County, Arkansas. No colorable cause of action has been presented." This statement was the full extent of the court's factual findings on the second issue to be addressed under Rule 72(c). However, because it is clear from the record that Mack's action cannot proceed as a matter of law, it is unnecessary for us to remand for further findings. *See Ashby v. State*, 2017 Ark. 233.

Mack pled guilty to aggravated robbery, first-degree battery, and possession of marijuana with intent to deliver in 2004. In his habeas petition, he alleges that the terms of his plea deal are not being honored, and that he would not have pled guilty if he had known this were going to occur. Claims of an involuntary plea or improper plea procedures do not raise a claim of void or illegal sentence that may be addressed in a habeas proceeding. *Smith v. Hobbs*, 2015 Ark. 312, at 5, 468 S.W.3d 269, 273 (per curiam). Because Mack's petition failed to raise a claim that can be recognized in a habeas proceeding, the circuit court did not err by denying his petition to proceed in forma pauperis.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting**. I dissent. The only issue before this court is the circuit court's denial of Mack's in forma pauperis petition. The circuit court denied Mack's in forma pauperis petition pursuant to Rule 72 based upon its holding that, while Mack is indigent, his petition failed to state a colorable cause of action. This court has held that that habeas will lie where the confinement order is illegal on its face or the court that issued the confinement order was without jurisdiction. *Smith v. Hobbs*, 2015 Ark. 312, 468 S.W.3d 269. The majority suggests that Mack's claim is limited to an assertion of an involuntary plea or improper plea procedures that would not be cognizable in habeas proceedings. The majority misconstrues Mack's argument; Mack's petition

3

argues that his confinement order is illegal on its face because the order fails to comply with Rule 24 of the Arkansas Rules of Criminal Procedure. Insofar as the claim in his petition, which is all the circuit court was permitted to consider in making this determination under Rule 72, and without addressing the merits of the underlying claim, Mack has at least stated a colorable cause of action. Accordingly, I would reverse the circuit court's denial of Mack's in forma pauperis petition.

*Dolandon V. Mack*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Robert T. James*, Ass't Att'y Gen., for appellee.