SLIP OPINION



# SUPREME COURT OF ARKANSAS

No. CV-11-462

| | |
|---|---|
| MICHAEL JIHAD AKBAR **APPELLANT**<br><br>V.<br><br>RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION **APPELLEE** | **Opinion Delivered** September 26, 2013<br><br>APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT, 40LCV-10-155, HON. JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1993, appellant Michael Jihad Akbar was found guilty of first-degree murder and aggravated assault, and he was sentenced as a habitual offender to serve an aggregate term of life imprisonment. This court affirmed. *Akbar v. State*, 315 Ark. 627, 869 S.W.2d 706 (1994). On December 17, 2010, appellant filed in the Lincoln County Circuit Court, the county in which he was incarcerated,[1] a pro se petition for writ of habeas corpus. The circuit court denied the petition by written order, and appellant timely filed a notice of appeal from that order. We find no error and affirm.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other

---

[1] At the time of this decision, appellant remains incarcerated in a prison facility in Lincoln County.

evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

On appeal, appellant alleges that the trial court lacked jurisdiction to sentence him because the amended felony information charging him impermissibly changed the nature and degree of one of the crimes charged. Appellant was initially charged with first-degree murder pursuant to Arkansas Code Annotated section 5-10-102 (Supp. 1991) with the information tracking the definition of first-degree murder, as defined in section 5-10-102(a)(1). Eight months before trial, the State amended the felony information to charge appellant pursuant to Arkansas Code Annotated section 5-10-102 with the information tracking the definition of first-degree murder, as defined in section 5-10-102(a)(2). The amended felony information additionally charged appellant with aggravated assault.

Appellant did not establish a basis for holding that the judgment was invalid on its face or that the trial court was without jurisdiction. *See Culbertson*, 2012 Ark. 112. Allegations of trial error concerning the information—such as improper amendment of the information, lack of notice, and failure to include sufficient information to identify the crime—are not the type of defect that raises a jurisdictional issue and are not cognizable in a procceding for the writ. *Jones v. Hobbs*, 2013 Ark. 30 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam). A court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam). Mere trial error does not deprive a court of

jurisdiction. *Willis v. Hobbs*, 2011 Ark. 509 (per curiam) (citing *Wilkins v. Norris*, 2011 Ark. 169 (per curiam)). A habeas proceeding does not afford a convicted defendant an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Fuller v. State*, 2012 Ark. 376 (per curiam). Appellant's allegation involving the amendment of the information is not the type of error cognizable in a proceeding for the writ.

Affirmed.

*Michael Jihad Akbar*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Irvin*, Ass't Att'y Gen., for appellee.