SLIP OPINION

Cite as 2015 Ark. 449

# SUPREME COURT OF ARKANSAS

No. CV-15-247

| | |
|---|---|
| | **Opinion Delivered** December 3, 2015 |
| DARRELL GRISSOM | |
| APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. 40CV-14-93] |
| V. | |
| | HONORABLE JODI RAINES DENNIS, JUDGE |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| | AFFIRMED. |
| APPELLEE | |

## PER CURIAM

In 2004, appellant Darrell Grissom was found guilty by a Faulkner County jury of one count of rape, one count of incest, four counts of sexual abuse, and thirteen counts of sexual assault. He was sentenced to an aggregate term of 1,584 months' imprisonment. The Arkansas Court of Appeals affirmed. *Grissom v. State*, CR-04-1396 (Ark. App. June 8, 2005) (unpublished) (original docket no. CACR 04-1396).

Grissom was subsequently incarcerated in Lincoln County. In 2014, filed in the Lincoln County Circuit Court a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006), claiming his judgment was invalid because the State committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide him with a "Bill of Particular" listing the "time elements of the alleged crimes" and because his counsel was ineffective for failing to adequately preserve an issue for appellate review and for "failing to utilize certain evidence concerning grounds raised in appellate proceedings." The petition was dismissed by the circuit court because Grissom failed to attach a copy of his

judgment-and-commitment order[1] and because his claims of ineffective assistance of counsel were not cognizable in a habeas proceeding. Grissom brings this appeal.[2]

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Glaze v. Hobbs*, 2013 Ark. 458 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797

---

[1]Grissom included a copy of the judgment-and-commitment order in the addendum in his brief on appeal. However, Grissom's judgment-and-commitment order is not a part of the record on appeal from the dismissal of his habeas-corpus petition by the Lincoln County Circuit Court. This court has long and consistently held that it cannot, in the exercise of its appellate jurisdiction, receive testimony or consider anything outside the record below. Ark. Sup. Ct. R. 4-2(a)(8) (2014); *see Gould v. State*, 2015 Ark. 327 (per curiam). Notwithstanding this position, this court will take judicial notice of the record on direct appeal, and it is not necessary to supplement the record when the trial record provides an adequate record of what was considered below. *Davis v. State*, 2013 Ark. 118 (per curiam).

[2]On appeal, Grissom makes reference to seeking federal habeas-corpus review and unreasonable applications of federal law by the circuit court. However, Grissom's petition for writ of habeas corpus was filed in the Lincoln County Circuit Court, and he clearly referenced Arkansas Code Annotated sections 16-112-101 to -123; thus, this case is properly within the purview of this court.

(2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

Although raised below, Grissom has abandoned on appeal his claims of ineffective assistance of counsel. All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, at 2, 386 S.W.3d 477, 480 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)). Even if Grissom had raised those claims here, allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding. *Lewis v. State*, 2013 Ark. 336, at 4 (per curiam). A habeas-corpus proceeding does not afford a prisoner a means to revisit the merits of matters that could have been addressed and settled in the circuit court, on appeal, or in a postconviction proceeding. *Id.*

Grissom contends on appeal that the evidence against him was insufficient to support his convictions, particularly in light of the State withholding *Brady* material regarding the dates and times during which the numerous sexual offenses occurred, i.e., the outcome of his trial would have been different had the "Bill of Particular evidence [ ] been disclosed." Claims of prosecutorial misconduct, including *Brady* violations based on allegations of withheld evidence, do not fall within the scope of a habeas proceeding. *Smith v. Hobbs*, 2015 Ark. 213, at 6 (per curiam).

Even if Grissom intended his allegation to be that he was not properly advised of the charges against him, the proper time to object to the form or sufficiency of the charging instrument was prior to trial. *Id.* A habeas proceeding attacking the judgment of conviction is

3

not a means to attack the charging instrument. *Id.* To the extent Grissom contends that the alleged prosecutorial misconduct affected his due-process rights, that contention also fails because he did not challenge the facial validity of the judgment or the court's jurisdiction. *See Griffis v. Hobbs*, 2015 Ark. 121, at 4–5, 458 S.W.3d 703, 706 (per curiam) (citing *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam)).

Grissom further contends that mitigating evidence—had it been admitted at trial—regarding his psychological problems, lack of education, abuse suffered as a child, and other factors suggested that he had lessened culpability; hence, his sentence is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Grissom raises this claim for the first time on appeal, and issues raised for the first time on appeal are not grounds to reverse the circuit court's order. *See Gardner v. Hobbs*, 2014 Ark. 346, at 5, 439 S.W.3d 663, 667 (per curiam). Nevertheless, Grissom does not claim that the sentences imposed on him were outside the statutory limits for the offenses, as he merely argues that mitigating factors should have been considered to "result in a sentence below that received by similarly situated offenders[.]" Where the law does not authorize the particular sentence pronounced by a circuit court, the sentence is unauthorized and illegal. *See State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006). However, the mere fact that a sentence does not satisfy a petitioner does not entitle a petitioner to release on a writ of habeas corpus. *See generally Clem v. State*, 2011 Ark. 311 (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of

habeas corpus to issue. *Benton v. State*, 2013 Ark. 385 (per curiam); *Fullerton v. McCord*, 339 Ark. 45, 48, 2 S.W.3d 775, 777 (1999) (The principal issue in a habeas-corpus proceeding is whether the petitioner is detained without lawful authority.). In his request for habeas relief, Grissom failed to demonstrate that he was detained without lawful authority. Because he failed to show that his commitment was invalid on its face or that the circuit court lacked jurisdiction, he did not establish any cause to grant the writ of habeas corpus.

Affirmed.

*Darrell Grissom*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.