# SUPREME COURT OF ARKANSAS.

No. CV-15-573

| | |
|---|---|
| DAVID LEE ALLEN<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** February 18, 2016<br><br>PRO SE MOTION TO FILE BELATED BRIEF<br>[LEE COUNTY CIRCUIT COURT, NO. 39CV-15-24 ]<br><br>HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE<br><br><u>SUBSTITUTED OPINION ON DENIAL OF REHEARING; APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

In 1981, appellant David Lee Allen was found guilty of aggravated robbery by a Crittenden County jury. He was sentenced to life imprisonment. Allen appealed, and this court reversed and remanded for a new trial. *Allen v. State*, 277 Ark. 380, 641 S.W.2d 710 (1982). A second trial resulted in a hung jury, and, at a third trial, Allen was again found guilty and sentenced to life imprisonment for aggravated robbery and to a concurrent six-year sentence for possession of a firearm by a felon. Allen appealed, and this court affirmed. *Allen v. State*, 281 Ark. 1, 660 S.W.2d 922 (1983).

On March 20, 2015, Allen filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, the county in which he is incarcerated.[1] On April 23, 2015, the circuit court entered an order dismissing Allen's petition for writ of habeas corpus. On that same

---

[1]Allen, as of the date of this opinion, remains incarcerated in Lee County.

day, Allen filed a notice of appeal from the order, and, on May 5, 2015, Allen filed a motion for clarification and reconsideration. On May 20, 2015, the circuit court entered a supplemental order stating that the court's previous denial of relief was based on the face of the pleadings and that Allen failed to establish cause to move forward. Allen lodged an appeal from the order in this court.

Now before us is Allen's motion to file a belated brief. Because it is clear from the record that Allen could not prevail on appeal, we dismiss the appeal, and the motion is therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. *Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. Here, the circuit court correctly determined that Allen did not allege grounds in his petition on which the writ could be granted.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Fields v. Hobbs*, 2013 Ark. 416. The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial

SLIP OPINION

invalidity of the judgment-and-commitment order or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798.

In his petition for writ of habeas corpus, Allen argued that trial counsel was ineffective for advising him to not accept a plea offer, which prejudiced him because he "ha[d] to stand trial" and because his sentence was more severe than the one proposed in the plea offer and that trial counsel was ineffective for not presenting mitigating factors, including his complete social history, his troubled childhood, his "slow schooling," and his abuse of drugs and alcohol.[2] Allen's claims that his trial counsel was ineffective are not cognizable in a habeas proceeding. *Woodson v. Hobbs*, 2015 Ark. 304, 467 S.W.3d 147 (per curiam) (citing *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992)).

With reference to *Graham v. Florida*, 560 U.S. 48 (2010), Allen claimed that, although he was twenty-one years old, he was still a juvenile with diminished culpability and should not be subject to a sentence of life imprisonment without parole just as an eighteen year old cannot be so sentenced for a nonhomicide offense, as it violates the Eighth Amendment prohibition against cruel and unusual punishment and the Equal Protection Clause of the United States Constitution. Notably, Allen made no claim, nor does the record reflect, that he was, in fact,

---

[2]Allen made no claim that his sentence exceeded the statutory minimum or was illegal on its face. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Atkins v. State*, 2014 Ark. 393, 441 S.W.3d 19 (per curiam). If a sentence is within the limits set by statute, it is legal. *Grissom v. State*, 2013 Ark. 417 (per curiam). Accordingly, Allen's judgment-and-commitment order was not invalid on its face.

SLIP OPINION

a juvenile at the time of crimes. He essentially claimed he should be treated the same as a juvenile because there is not any real difference between someone who is eighteen years old and someone who is twenty-one years old. To the extent Allen's claims challenge the validity of his sentence of life imprisonment based on his age, *Graham* "does not mandate a resentencing procedure that takes into account a juvenile offender's age." *Hobbs v. Turner*, 2014 Ark. 19, at 11, 431 S.W.3d 283, 289. Cases such as *Graham* and its progeny clearly state that a juvenile is considered a person younger than eighteen at the time the offense was committed. *See Hobbs v. Hodge*, 2015 Ark. 207, 461 S.W.3d 704. Because *Graham* is inapplicable, Allen made no convincing claim that his sentence is invalid or void, and he failed to demonstrate that his sentence exceeded the statutory maximum. *Grissom*, 2013 Ark. 417.

Allen further argued that his trial counsel's use of preemptory challenges to exclude white jurors and the State's use of preemptory challenges to exclude black jurors violated his right to a trial by a fair and impartial jury. However, Allen failed to allege that trial counsel's and the State's use of preemptory challenges somehow invalidated the judgment-and-commitment order on its face or implicated the trial court's jurisdiction. A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case or argue issues that were, or could have been, settled at trial or on the record on direct appeal from the judgment. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *see also Meny v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. State*, 2013 Ark. 385 (per curiam). Allen clearly did not meet

his burden; therefore, he could not prevail on appeal. *See Quezada v. Hobbs*, 2014 Ark. 396, 441

S.W.3d 910 (per curiam).

Appeal dismissed; motion moot.