SLIP OPINION

Cite as 2016 Ark. 169

# SUPREME COURT OF ARKANSAS.

**No.** CV–15–1063

| | |
|---|---|
| DERRICK L. BOOTH<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** April 14, 2016<br><br>APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-15-116]<br><br>HONORABLE DON GLOVER, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 2013, appellant Derrick L. Booth was found guilty by a jury of arson. He was sentenced as a habitual offender to 144 months' imprisonment. The Arkansas Court of Appeals affirmed. *Booth v. State*, 2014 Ark. App. 572, 444 S.W.3d 900.

In 2015, Booth, who was incarcerated in Chicot County, filed a pro se petition for writ of habeas corpus in the Chicot County Circuit Court seeking his release from custody. The circuit court dismissed the petition on the ground that Booth had not stated a ground for the writ. Booth, who remains incarcerated in Chicot County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Booth's argument on appeal, as it was in the habeas petition, is that the trial court lacked jurisdiction in his case and the judgment was invalid on its face because the judgment-and-commitment order was signed by a different judge than the judge who presided over his trial and did not appear in the official record for the case. The record lodged on direct appeal from the judgment reflects that Judge Wendell Griffen presided at the trial and Judge Phillip Shirron, a retired circuit judge "on assignment," signed the sentencing order. Booth does not contend that the sentence reflected on the judgment-and-commitment order is different from the sentence pronounced in open court.

Booth was found guilty on July 10, 2013. The judgment was signed by Judge Shirron on July 23, 2013, and entered of record on July 24, 2013. We take judicial notice that this court entered an order on July 22, 2013, pursuant to Act 496 of 1965, as amended, and amendment 80 of the Arkansas Constitution, codified as Arkansas Code Annotated section

16-10-101(b)(1) (1987), assigning Judge Shirron, a retired judge, to sit in the place of Judge Griffen on the dates of July 22, 23, and 24, 2013. While Booth contends that the fact that this court's order assigning Judge Shirron to act in Judge Griffen's stead rendered the judgment in his case illegal, he offers no persuasive authority to demonstrate that section 16-10-101(b)(1), which gave the chief justice the authority to make such an assignment, deprived the trial court of jurisdiction in his case or invalidated the judgment-and-commitment order that was entered.

Arkansas Supreme Court Administrative Order No. 16(1), in accordance with amendment 80, section 13(C)(D) of the Arkansas Constitution, authorizes the chief justice of this court to assign sitting circuit court judges, retired circuit, chancery, circuit/chancery, and appellate court judges and justices, and sitting state district court judges, with their consent, to serve temporarily in circuit court. Administrative Order No. 16 does not require the assignment order issued by the chief justice to be included in the record for the case for it to be an effective order that bestows authority on the judge temporarily assigned to a case.

As Booth failed to establish that the judgment was invalid on its face or that the trial court lacked jurisdiction in his case, he did not state a ground for a writ of habeas corpus. Accordingly, we affirm the circuit court's order. *Fields*, 2013 Ark. 416.

Affirmed.

*Derrick L. Booth*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.