SLIP OPINION

Cite as 2016 Ark. 326

# SUPREME COURT OF ARKANSAS

**No.** CV-16-318

| | |
|---|---|
| DENVER MITCHELL | **Opinion Delivered:** October 6, 2016 |
| APPELLANT | |
| V. | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-15-119] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | AFFIRMED. |

## PER CURIAM

Appellant Denver Mitchell filed a pro se petition for writ of habeas corpus in the circuit court of the county where he was incarcerated,[1] and, after the circuit court denied the petition, Mitchell lodged this appeal. Mitchell failed to raise a claim in the petition that was within the purview of a habeas action, and we therefore affirm.

Mitchell was convicted of first-degree murder in the Greene County Circuit Court, and he appealed the judgment. This court affirmed. *Mitchell v. State*, 314 Ark. 343, 862 S.W.2d 254 (1993). After Mitchell sought postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (1995), his petition was denied, and this court granted a motion to proceed with a belated appeal of the order. *Mitchell v. State*, CR-95-834 (Ark. Oct. 2, 1995) (unpublished per curiam). That appeal was dismissed, however, when this court

---

[1] As of the date of this opinion, Mitchell remains incarcerated in Lee County.

SLIP OPINION

granted the State's motion seeking a dismissal on the basis of a deficient abstract. *Mitchell v. State*, CR-95-834 (Ark. Dec. 11, 1995) (unpublished per curiam).

In his habeas petition, Mitchell raised three grounds for relief. In the first two grounds, Mitchell asserted that the judgment was facially invalid because the attorney representing him at trial and on appeal was ineffective. In the third ground, Mitchell contended that the judgment was invalid because he is actually innocent. In the order denying the petition, the circuit court found that all of Mitchell's claims were grounded in ineffective assistance of counsel and that ineffective-assistance claims are not cognizable in habeas proceedings. On appeal, Mitchell contends that he demonstrated probable cause to establish the facial invalidity of his commitment, that his attachments to the habeas petition showed his actual innocence of the murder, and that the circuit court failed to address the issues in his second and third grounds for habeas relief.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a

showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked subject-matter jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Mitchell did not invoke Act 1780, and proceedings under Act 1780 must be filed in the court in which the conviction was entered. Ark. Code Ann. § 16-112-201(a). In habeas proceedings not filed under Act 1780, claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due process claims that are not cognizable in habeas proceedings. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Mitchell's claims of a demonstration that he was innocent in the attachments to the habeas petition are therefore of no avail. To the extent that the circuit court may not have addressed any of Mitchell's arguments in his third ground for relief because those claims were based on his innocence rather than ineffective assistance of counsel, Mitchell's claims nevertheless were not ones within the purview of the proceedings.

As for Mitchell's third point on appeal, the circuit court did address Mitchell's claims in both the first and second grounds for relief in the petition because, to the extent those arguments were not based on his claims of innocence, both grounds were based on claims of ineffective assistance. Ineffective-assistance-of-counsel claims are also not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 585, 840 S.W.2d 166 (1992).

Ineffective assistance is the type of factual issue that requires the kind of inquiry well beyond the facial validity of the commitment. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Mitchell contends on appeal, as he did in the habeas petition, that he was entitled to counsel for his Rule 37 proceedings under the United States Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and he weaves into all of his claims an argument that, because he was not appointed counsel for those proceedings, he must be allowed to pursue those claims in habeas proceedings. This court has rejected, however, the argument that *Martinez* and *Trevino* require appointment of counsel. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. Therefore, the mere fact that Mitchell was not represented by counsel during his Rule 37 proceedings does not render the judgment invalid.

If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719 (per curiam). None of the claims Mitchell raised, whether based on ineffective assistance or on his actual innocence, were cognizable for the writ. The circuit court was therefore not clearly erroneous in denying habeas relief.

Affirmed.

*Denver Mitchell*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee

4