SLIP OPINION

Cite as 2016 Ark. 462

# SUPREME COURT OF ARKANSAS.

**No.** CV-16-567

| | |
|---|---|
| LARRY RAYFORD<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | **Opinion Delivered** December 15, 2016<br><br>APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. 40CV-16-34]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1994, appellant Larry Rayford was found guilty by a jury of capital murder and sentenced to life imprisonment without parole. This court affirmed. *Rayford v. State*, 326 Ark. 656, 934 S.W.2d 496 (1996). Subsequently, Rayford sought postconviction relief through several legal remedies, including proceeding under Arkansas Rule of Criminal Procedure 37.1 (1994), filing multiple petitions for writ of error coram nobis, and a habeas-corpus proceeding. *See Rayford v. State*, CR-96-428 (Ark. Feb. 14, 2008) (unpublished per curiam); *Rayford v. State*, CR-07-651 (Ark. Nov. 8, 2007) (unpublished per curiam); *Rayford v. State*, CV-04-1171 (Ark. June 23, 2005) (unpublished per curiam) (original docket no. 04-1171); *Rayford v. State*, CR-96-428 (Ark. Mar. 4, 2004) (unpublished per curiam); *Rayford v. State*, CR-98-1322 (Ark. May 18, 2000) (unpublished per curiam).

On April 11, 2016, Rayford, who is incarcerated in a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of

SLIP OPINION

habeas corpus in the Lincoln County Circuit Court seeking his release from custody. The circuit court dismissed the petition on the ground that Rayford had not stated a ground for the writ. Rayford, who remains incarcerated in Lincoln County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Rayford's argument on appeal, as it was in the habeas petition, is that the trial court lacked jurisdiction in his case because the charging instrument in the case, a felony information, "failed to allege the essential element of causation." Rayford based the claim

SLIP OPINION

on the fact that the word "he" was omitted from a particular portion of the information. The relevant portion of the information provided that on or about October 31, 1992:

> He did with the premediated and deliberated purpose of causing the death of Christopher Lyle Bailey A/K/A Jay Smith caused the death of Christopher Lyle Bailey, A/K/A Jay Smith a Felony punishable by death by lethal injection or life without parole in the Arkansas Department of Correction.

Rayford argued that the information was rendered deficient because the word "he" did not appear after the victim's name so that the information would state that "he caused" the death of the victim. As support for the necessity of the word "he," Rayford pointed to Arkansas Code Annotated section 5-10-101(a)(4) (Supp. 1991), which provides that a person commits capital murder if "[w]ith the premediated and deliberated purpose of causing the death of another person, *he* causes the death of any person." (Emphasis added.)

We first note that the information set forth the principal language of the statute and the asserted facts constituting the offense as it was required to do. This court has held that an information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and sets forth the principal language of the statute and the asserted facts constituting the offense. *Anderson v. State*, 2013 Ark. 332, at 6 (per curiam); *Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997) (per curiam). The minimal requirements for a proper information are sufficient to apprise a defendant of the offense. *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962).

Rayford did not demonstrate that the omission of the word "he" rendered the defense unaware of the offense charged and the conduct that was alleged to have given rise

to the charge, and the circuit court did not err in holding that what amounted to a minor error in the information did not divest the trial court of jurisdiction in Rayford's case.

Moreover, we have held that claims concerning the sufficiency of a charging instrument are not the types of defects that raise a jurisdictional issue, and such allegations are therefore not cognizable in a proceeding for issuance of a writ of habeas corpus. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam); *see also Craig v. Hobbs*, 2012 Ark. 218 (per curiam); *Willis v. Hobbs*, 2011 Ark. 509 (per curiam). Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding. *Sanders*, 2014 Ark. 312, 439 S.W.3d 1. Rayford's argument, however, hinged on his assertion that the information did not mirror the exact words in the statute defining the offense of which he was charged, and the proper time for a defendant to object to the form or sufficiency of a charging instrument is prior to trial. *Smith v. Hobbs*, 2015 Ark. 312, 468 S.W.3d 269 (per curiam); *Grissom v. Hobbs*, 2015 Ark. 449, 476 S.W.3d 160 (per curiam). The issue raised by Rayford could have been raised in the trial court and settled there because it is not jurisdictional but is rather an assertion of trial error. Mere trial error does not deprive a court of jurisdiction. *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam). A habeas proceeding does not afford a convicted defendant an opportunity to retry his case. *Akbar v. Hobbs*, 2013 Ark. 350 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 413, 255 S.W.3d 466, 471 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Maxwell v. Hobbs*, 2013 Ark. 307, at 3–4. Assertions of trial error and

due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Philyaw*, 2015 Ark. 465, at 6, 477 S.W.3d 503, 507. As Rayford failed to establish that the judgment was invalid on its face or that the trial court lacked jurisdiction in his case, he did not state a ground for a writ of habeas corpus. Accordingly, we affirm the circuit court's order. *See Booth v. Kelley*, 2016 Ark. 169 (per curiam).

Affirmed.

*Larry Rayford*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee