SLIP OPINION

Cite as 2017 Ark. 2

# SUPREME COURT OF ARKANSAS.
**No.** CV-16-541

| | |
|---|---|
| ROBERT PRESTON CLAYTON<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered** January 12, 2017<br><br>APPEAL FROM THE LINCOLN COUNTY<br>CIRCUIT COURT<br>[NO. 40CV-16-9]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 2010, appellant Robert Preston Clayton was found guilty by a jury of rape and second-degree sexual assault of his minor daughter. He was sentenced as a habitual offender to an aggregate term of 960 months' imprisonment. The Arkansas Court of Appeals affirmed. *Clayton v. State*, 2012 Ark. App. 199. Clayton subsequently filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The petition was denied, and Clayton appealed to this court from the order. We dismissed the appeal because it was clear from the record that Clayton could not prevail. *Clayton v. State*, 2013 Ark. 453 (per curiam).

On February 1, 2016, Clayton, who is incarcerated in a unit of the Arkansas Department of Correction located in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court seeking to have the judgment vacated or to have an order entered for him to be resentenced by the trial court. The circuit court

SLIP OPINION

dismissed the petition on the ground that Clayton had not stated a ground for the writ. Clayton, who remains incarcerated in Lincoln County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Clayton's arguments in this appeal mirror those in the habeas petition. He contends that he was denied due process of law because the evidence was insufficient to sustain the judgment and that the victim is now ready to "tell the truth." He further alleges that his Eighth Amendment right to be free of cruel and unusual punishment was violated by the

length of his term of imprisonment. Clayton also argues in his brief that the circuit court erred by not holding an evidentiary hearing on the claims in the habeas petition.

With respect to Clayton's claim that the evidence was not sufficient to sustain the judgment of conviction, the allegation does not state a ground for relief. *Mitchell v. Kelley*, 2016 Ark. 326 (per curiam). In a habeas proceeding that is not filed under Act 1780, challenges to the sufficiency of the evidence, which are due-process claims, are not cognizable. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam). Likewise, an attack on the credibility of Clayton's victim was not a ground for the writ. *See Jones v. Hobbs*, 2015 Ark. 251, at 2–3 (per curiam) (holding that attacks on the credibility of the witnesses at trial do not provide grounds to grant the writ). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or proceeding for postconviction relief. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503.

Clayton based his Eighth Amendment argument on the length of his sentence and his allegation that there were factors, such as his history of psychological problems and substance abuse that made his culpability questionable and mitigated against the length of the sentence. The Eighth Amendment claim is outside the scope of a habeas proceeding because the claim does not implicate the jurisdiction of the trial court or the facial validity of the judgment. *See Grissom v. Hobbs*, 2015 Ark. 449, 476 S.W.3d 160 (per curiam), *cert. denied*, *Grissom v. Kelley*, No. 16-5146, 2016 WL 3670848 (U.S. Oct. 3, 2016).

Clayton did not contend that the sentences imposed on him were outside the statutory limits for the offenses or that he was a minor when he committed the offenses; he merely argued that mitigating factors should have been considered to result in a lesser

sentence. Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal. *See State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006). However, the mere fact that a sentence, which is within the statutory range for the offense, does not satisfy a petitioner does not entitle a petitioner to release on a writ of habeas corpus. *See Clem v. State*, 2011 Ark. 311 (per curiam). Here, Clayton's habitual-offender sentences of 600 months' imprisonment for rape and 360 months' for second-degree sexual assault were within statutory range. *See* Ark. Code Ann. § 5-14-103(c) (Repl. 2006) (rape is a Class Y felony); Ark. Code Ann. § 5-14-125(b)(1) (second-degree sexual assault is a Class B felony); Ark. Code Ann. § 5-4-401(a)(1) (a sentence for a Class Y felony may range from 120 months to 480 months or life); Ark. Code Ann. § 5-4-401(a)(3) (a sentence for a Class B felony may range from 60 months' imprisonment to 240 months' imprisonment). Pursuant to Arkansas Code Annotated section 5-4-403(a) , the trial court had authority to exercise its discretion and order that the sentences imposed on Clayton be served consecutively. This court has previously rejected the argument that imposition of consecutive sentences is cruel and unusual punishment. *See Thompson v. State*, 280 Ark. 265, 658 S.W.2d 350 (1983) (holding that the cumulative effect of consecutive sentences does not make punishment cruel and unusual); *see also Thompson v. State*, 2013 Ark. 179, at 5–6 (per curiam) (The mere fact that sentences were imposed consecutively did not serve to offend the Eighth Amendment prohibition against cruel and unusual punishment.).

Finally, as to Clayton's argument that the trial court erred by not holding a hearing on his habeas petition, we find no error. We have held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief

proper in a habeas proceeding; and, even if a cognizable claim is made, the writ will not be issued unless probable cause is shown for the writ to be issued. *Philyaw*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 506. If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719 (per curiam). The claims Clayton raised in his petition did not demonstrate that the trial court was without jurisdiction or that the judgment was invalid on its face. The circuit court was therefore not clearly erroneous in denying habeas relief without a hearing.

Affirmed.

*Robert Preston Clayton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.