SLIP OPINION

Cite as 2017 Ark. 210

# SUPREME COURT OF ARKANSAS.

**No.** CV-16-887

| | |
|---|---|
| RICHARD ALAN DAVIS<br><div align="right">APPELLANT</div> | **Opinion Delivered** March 30, 2017<br><br>APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CV-16-67] |
| V. | |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | HONORABLE RICHARD L. PROCTOR, JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

In 1988, appellant Richard Alan Davis was found guilty by a jury in the Pulaski County Circuit Court in case number 60CR-87-1540 of capital murder, aggravated robbery, and theft of property. An aggregate sentence of life imprisonment without parole was imposed. Also in 1988, Davis was found guilty by a jury in Pulaski County in case number 60CR-87-1685 of an additional aggravated robbery and was sentenced to thirty years' imprisonment. No appeal was taken from either judgment.

On June 20, 2016, Davis, who is incarcerated in a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court. Although he appended a copy of the judgments in case numbers 60CR-87-1540 and 60CR-87-1685 to the petition, he sought the writ only with respect to the judgment in case number 60CR-87-1685. The circuit court denied the petition without a hearing on the ground that Davis had not stated a ground for the writ. Davis, who remains incarcerated in Lee County, brings this appeal.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Davis's arguments in this appeal mirror those in the habeas petition. He also argues on appeal that the circuit court erred by not holding a hearing on the petition.

Davis contends that the circuit court should have granted the writ because he was not properly advised of his rights against self-incrimination pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), when he was interrogated by the police concerning the aggravated robbery. He further contends that the circuit court erred when it did not grant the writ on the ground that the trial court should have found his pretrial statement inadmissible under

*Miranda*. Davis urges this court to reverse the circuit court order because his claims demonstrated that the judgment in his case was illegal on its face and the trial court lacked jurisdiction to enter the judgment.

We affirm the order because Davis did not state a ground on which a writ of habeas corpus could be issued. As the judgment reflects, Davis was convicted of aggravated robbery and sentenced to an appropriate sentence for the offense. *See* Ark. Stat. Ann. §§ 41-901(1)(a); 41-2102(2) (Supp. 1985) (aggravated robbery is a Class Y felony punishable by ten to 40 years' imprisonment). Accordingly, the 30-year sentence reflected on the judgment was within the statutory range and not illegal on its face. *See Smith v. Hobbs*, 2013 Ark. 400 (per curiam).

There was also no showing by Davis that the trial court was without jurisdiction in the case. At the time Davis was found guilty of the aggravated robbery, which was committed in 1987 in Pulaski County, subject-matter jurisdiction was vested in the Pulaski County Circuit Court in criminal matters. Ark. Const. art. 7, § 11 (a circuit court in a county has subject matter jurisdiction over criminal offenses committed in that county). Regarding personal jurisdiction, the commission of the offense by Davis in Pulaski County subjected him to being charged and prosecuted in that county. *See* Ark. Stat. Ann. § 41-103 (Repl. 1977) (providing that a person can be convicted under the laws of this State and in its courts if conduct that is an element of the offense occurs within this State).

The grounds for the writ raised by Davis should have been raised during the trial. The grounds were not jurisdictional; rather, the allegations were assertions of error that could have been settled at trial. Even when trial error occurs, it is well settled that mere

trial error does not deprive a court of jurisdiction. *Rayford v. Kelley*, 2016 Ark. 462 (per curiam); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Davis's arguments concerning whether he was properly advised under *Miranda* did not implicate the jurisdiction of the trial court or the facial validity of the judgment. *See Grissom v. Hobbs*, 2015 Ark. 449, 476 S.W.3d 160 (per curiam), *cert. denied*, *Grissom v. Kelley*, 137 S.Ct. 187 (2016); *see also Gardner v. Hobbs*, 2015 Ark. 410 (per curiam) (The petitioner's contentions that a violation of his pretrial right to counsel or that his pretrial statements were somehow coerced are not cognizable as a claim for relief in a habeas proceeding.).

With respect to the circuit court's decision to deny the petition for writ of habeas corpus without a hearing, we have held that a hearing on a petition for writ of habeas corpus is not required if the petition does not allege either of the bases for relief proper in a habeas proceeding; and, even if a cognizable claim is made, the writ will not be issued unless probable cause is shown for the writ to be issued. *Philyaw*, 2015 Ark. 465, at 4, 477 S.W.3d 503, 506. If a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719 (per curiam). The claims Davis raised in his petition were not within the purview of a habeas proceeding. The circuit court was therefore not clearly erroneous in denying habeas relief without a hearing.

Affirmed.

*Richard Davis*, pro se appellant.
*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.